IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| YOSEF S. FRASER, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:17-CV-2150-BT |
| | § | |
| NANCY A. BERRYHILL, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION & ORDER OF TRANSFER**

Before the Court is Plaintiff Yosef S. Fraser's February 12, 2018 filing, which the Court construes as a Motion to Transfer [ECF No. 23]. For the following reasons, Plaintiff's motion is GRANTED.

## **Background**

On August 15, 2017, Plaintiff filed his Complaint against Nancy A. Berryhill, then Acting Commissioner of the Social Security Administration, alleging that his social security benefits have been improperly withheld. *See* Compl. 1 [ECF No. 3]. On February 12, 2018, the Court received a letter from Plaintiff advising the Court of his new address in Tallahassee, Florida, and asking that this case be transferred to a district court in his new home jurisdiction.

Plaintiff has a history of homelessness and transiency. The record reveals that, over the past ten years, Plaintiff has lived in Texas, California, and possibly Arizona. The Commissioner has sent correspondence to Plaintiff in each of those states. *See* Tr. 53, 64, 70, 89, 97, 101, 104, 107, 109, 116, 141, 460, 463, 470

1

(agency correspondence addressed to Plaintiff in Richardson, Texas and Corsicana, Texas); Tr. 7, 27, 30, 75, 156, 167, 181 (agency correspondence addressed to Plaintiff in Pasadena, California); Tr. 471 (agency correspondence addressed to Plaintiff in Phoenix, Arizona). Plaintiff has attended hearings before an Administrate Law Judge ("ALJ") in both California and Texas. *See* Tr. 28, 30 & 482, 484.

In his Complaint, Plaintiff identified his address as 3226 Aster Street, Dallas, Texas, 75211. *See* Compl. 1. A letter from Dallas Metrocare Services ("DMS") dated October 5, 2016, explains that the address Plaintiff provided on his Complaint is a boarding home, and that DMS paid Plaintiff's rent at the boarding home from at least April 2016 through October 31, 2016. *See* Oct. 5, 2016 Letter [ECF No. 3 at 3]. A Homeless Certification Letter from the Salvation Army attached to Plaintiff's Complaint states that Plaintiff resided at the Salvation Army's Emergency Shelter from March 7, 2016, through April 12, 2016. *See* Apr. 13, 2016 Letter [ECF No. 3 at 2]. A second letter from DMS, dated January 17, 2017, advises that Plaintiff is no longer eligible for housing assistance through DMS; and a third letter from DMS, dated, March 4, 2017, states that Plaintiff is homeless, and has been living under a bridge near the zoo in Dallas, Texas, because he has exhausted all of his shelter options at The Bridge, the Dallas Life Foundation, the Salvation Army, and Union Gospel Mission. *See* Jan. 17, 2017 Letter [ECF No. 3 at 4] & Mar. 4, 2017 Letter [ECF No. 3 at 5].

In support of his Motion to Transfer, Plaintiff provides evidence that he recently moved to Tallahassee, Florida, and purchased a home. *See* Mot. 2 [ECF No. 23]. Plaintiff asks the Court to transfer this case to a district court in Tallahassee, Florida.

**Analysis**

Title 42, United States Code, Section 405(g) provides that an action for judicial review of a final decision of the Commissioner of the Social Security Administration "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia." 42 U.S.C. § 405(g). However, pursuant to 28 U.S.C. § 1404(a), a district court, for the convenience of parties and witnesses and in the interest of justice, may transfer any civil action to any other district where it might have been brought. *See Montelongo v. Social Sec. Admin.*, 2014 WL 7398912, at *1 (N.D. Tex. Dec. 30, 2014) (transferring case brought under §405(g) from district where plaintiff lived when action was filed to district where plaintiff had moved during pendency of litigation); *see also O'Brien v. Schweiker*, 563 F. Supp. 301 (E.D. Pa. 1983) (noting that § 1404(a) may appropriately be applied to a matter brought pursuant to 42 U.S.C. § 405(g)).

When Plaintiff filed this action for judicial review, venue was proper in the Northern District of Texas, because Plaintiff was a resident of Dallas, Texas. *See*

Compl. 1 [ECF No. 3]. However, Plaintiff has apparently moved to Tallahassee, Florida. Plaintiff's filing dated February 12, 2018, which the Court construes as a Motion to Transfer pursuant to Section 1404(a), is proper and should be granted because Plaintiff no longer resides in this district. *See Montelongo*, 2014 WL 7398912, at *1 (citing *Crews v. Sullivan*, 1991 WL 46409, at *1 (7th Cir. Apr. 3, 1991) ("The claim was denied initially, upon reconsideration, and after a hearing before an Administrative Law Judge (ALJ) in Little Rock, Arkansas. The Appeals Council denied [plaintiff's] request for review. [Plaintiff] sought judicial review in the United States District Court for the Eastern District of Arkansas. Because [Plaintiff] had moved to Illinois, 42 U.S.C. § 405(g) required a change of venue to the District Court for the Southern District of Illinois.")).

The Commissioner opposes transfer and argues that Plaintiff's case should remain in this Court because Plaintiff resided in the Northern District of Texas throughout the relevant time period in this case – January 2008 through May 24, 2017. *See* Resp. 2 [ECF No. 26]. However, the evidence the Commissioner cites in support of her argument that Plaintiff resided in Dallas from 2008 to 2017 shows that Plaintiff received assistance from the state of California during the time period subsequent to 2011. *See* Pl.'s Filing 2 [ECF No. 16]. In addition, various correspondence sent to Plaintiff by the Social Security Administration indicates that Plaintiff resided in Dallas, Texas, Pasadena, California, and Phoenix, Arizona during the time period between 2008 and 2017. Plaintiff has submitted evidence, in the form of a copy of a Corporate Warranty Deed dated January 17, 2018,

which names Plaintiff as Grantee, that Plaintiff has purchased a home and is residing in Tallahassee, Florida. The Court finds that, for the convenience of the parties, and in the interest of justice, this case should be transferred to the Northern District of Florida, Tallahassee Division.

## Conclusion

Plaintiff's motion to transfer venue [ECF No. 23] is GRANTED, and this case is transferred to the Northern District of Florida, Tallahassee Division, for further proceedings.

SO ORDERED.

April 30, 2018.

                                                _____
                                                REBECCA RUTHERFORD
                                                UNITED STATES MAGISTRATE JUDGE