**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**YOSEF S. FRASER,**

    **Plaintiff,**

**vs.**                                                    **Case No. 4:18cv228-CAS**

**NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,**

    **Defendant.**

    _____/

## MEMORANDUM OPINION AND ORDER

This Social Security case was referred to the undersigned upon consent of the parties, ECF No. 36, by United States District Judge Robert L. Hinkle. ECF No. 38. It is now before the Court pursuant to 42 U.S.C. § 405(g) for review of the final determination of the Acting Commissioner (Commissioner) of the Social Security Administration (SSA) that was "fully favorable" to Plaintiff. Plaintiff's application for Supplemental Security Income (SSI) benefits was filed pursuant to Title XVI of the Social Security Act. After careful consideration of the record, this case is dismissed.

## Background

Plaintiff's Complaint was originally filed in the United States District Court for the Northern District of Texas on August 15, 2017. ECF No. 3. Plaintiff complained, in part, that he did not have any benefits, about his dealings with a doctor and a psychologist, and wanted a conference with the SSA to "correct these matters." *Id.* Plaintiff filed an additional attachment to his Complaint. ECF No. 9. The Commissioner filed an Answer on October 24, 2017, ECF No. 10, followed by Plaintiff's motion to transfer the case to the Northern District of Florida in light of Plaintiff's change of residence. ECF No. 23. The Commissioner filed a response in opposition. ECF No. 26. On April 30, 2018, the case was transferred to this Court. ECF No. 27.

The transcript/administrative record was filed on July 3, 2018. ECF No. 34. On July 9, 2018, Plaintiff filed a memorandum requesting, in part, records from the SSA, ECF No. 37, which was the subject of an Order of July 24, 2018. ECF No. 39. This Order requested clarification from Plaintiff as to which memorandum should be reviewed. *Id.* No response to that Order was filed by Plaintiff.

On August 7, 2018, the Commissioner filed a motion to dismiss for lack of subject-matter jurisdiction and further responded to Plaintiff's memorandum. ECF No. 40. On September 5, 2018, Plaintiff filed a response to the motion to dismiss. ECF No. 42. Plaintiff requests that Panjwani Mahmood M.D.'s records be stricken, that he is entitled to benefits being paid one month after the application had been filed on April 1, 2005, and that he has been "short changed by $2012.50."[1] ECF No. 42 at 2. No other relief is now requested. *Id.*

## **Legal Analysis**

The Commissioner requests the Court to dismiss this action for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). ECF No. 40 at 5-6. "If the court determines any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The objection that a federal court lacks subject matter jurisdiction "may be raised by a party, or by a court on its own initiative, at

---

[1] For reasons discussed herein, this case appears to be one of whether Plaintiff has received all his back pay. Thus, the issue related to the ALJ's consideration of Dr. Mahmood's records, *see* Tr. 466, 468, 804-30, is not material to the disposition of this case. Citations to the transcript/administrative record (ECF No. 34) shall be by the symbol "Tr." followed by a page number that appears in the lower right corner of each page.

any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y&H Corp., 546 U.S. 500, 508 (2006). "[S]ubject matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." U.S. v. Cotton, 535 U.S. 625, 630 (2002). Nevertheless, the complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), 127 S. Ct. at 1965 (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L.Ed.2d 338 (1989)).

In its motion to dismiss, the Commissioner notes that "the ALJ issued a fully favorable decision on May 24, 2017, finding Plaintiff disabled since January 9, 2005, based on an SSI application Plaintiff filed on January 25, 2008 (Tr. 187-91, 460-70, 482-541)." ECF No. 40 at 3 (footnotes omitted). The Commissioner also refers to the ALJ's decision in which "the ALJ stated, '[a]fter careful review the entire record, the undersigned finds that the claimant has been disabled from January 25, 2008, through the date of this decision' (Tr. 463)." *Id.* at 8.

Case No. 4:18cv228-CAS

As noted by the Commissioner, ECF No. 40 at n.4, and confirmed by the ALJ, "[a]lthough the claimant has alleged an earlier disability onset date of January 9, 2005, supplemental security income does not become payable until the month after the month in which the application is filed, assuming all eligibility requirements are met (20 CFR 416.335)."[2] Tr. 463. The ALJ concluded that "[t]he claimant has been under a disability as defined in the Social Security Act since January 9, 2005, the alleged onset date of disability." *Id.* (citation omitted). The ALJ concludes the decision:

> Based on the application for supplemental security income protectively filed on January 25, 2008, the claimant has been disabled under section 1614(a)(3)(A) of the Social Security Act since January 9, 2005.
>
> The component of the Social Security Administration [SSA] responsible for authorizing supplemental security income will advise the claimant regarding the nondisability requirements for these payments and, if the claimant is eligible, the amount and the months for which payment will be made.

Tr. 470.

---

[2] 20 C.F.R. § 416.335 provides, in part: "When you file an application in the month that you meet all the other requirements for eligibility, the earliest month for which we can pay you benefits is the month following the month you file the application."

Case No. 4:18cv228-CAS

In his Complaint, Plaintiff sought review of the ALJ's decision dated May 24, 2017. ECF No. 3. (No review was sought before the Appeals Council. Thus, the ALJ's decision is the final decision of the SSA.) For Plaintiff, the issue now is whether he has been paid all the benefits due back to January 5, 2005. He says he is short $2,012.50. ECF No. 42 at 2. In his response to the motion to dismiss, ECF No. 42, except for requesting Dr. Mahmood's records be stricken from the record, *see supra* at n.1, Plaintiff seeks relief from the decision rendered by the SSA regarding how much back pay Plaintiff is due, *not* from the ALJ's decision dated May 24, 2017.

Plaintiff attached several documents to his response from the SSA including one dated August 28, 2017, in which it was acknowledged that Plaintiff was owed "back SSI payments of $80,291.00 for February 2008 [one month after he filed his SSI application] through August 2017," which would be paid in installments with the first installment of $2,205.00 to be paid by August 31, 2017. ECF No. 42 at 3. The second letter is dated September 1, 2018, acknowledging payment to Plaintiff of "the last installment payment for $13,876.45." *Id.* at 4. (The Commissioner notes that Plaintiff has received "two of three back pay installments." ECF

No. 40 at 3, n.4.) The SSA stated that if Plaintiff disagreed with the decision, Plaintiff has the right to appeal in writing within 60 days. ECF No. 42 at 5. Plaintiff was further advised:

> A person who did not make the first decision will decide the appeal. We call this appeal a reconsideration. When you appeal, we review your entire case, even the parts which you agree. We consider any new facts we have and then make a new decision. The new decision could be more favorable, less favorable, or the same as the one you already have.

*Id.*[3]

Plaintiff agrees that he received payments, but claims he is due another $2,012.50 and this seems to be Plaintiff's main issue in the case. ECF No. 42 at 2.

As noted above, Plaintiff received a fully favorable decision from the ALJ. 42 U.S.C. § 405(g) does not provide for review of fully favorable decisions. Although as noted by the Commissioner, it does not appear the Eleventh Circuit has addressed this issue, other circuits have found a claimant lacked standing to seek review of a fully favorable decision. *See, e.g.*, Buck v. Sec'y of Health and Human Servs., 923 F.2d 1200, 1203 (6th Cir. 1991). This is especially so here

---

[3] The Court's consideration of this case does not toll his right to appeal from the September 1st letter that is a separate remedy afforded Plaintiff by the SSA.
Case No. 4:18cv228-CAS

where Plaintiff's latest claim is not related to the ALJ's decision, *but see supra* at n.1, but to later action by the SSA regarding the amount of back pay he is owed and for which he has been afforded a remedy. Considering the ALJ's decision was fully favorable to Plaintiff, the ALJ's decision is not reviewable by this Court. This Court does not have subject-jurisdiction over his case.

## **CONCLUSION**

Based on the foregoing, this case is **DISMISSED** for lack of subject-matter jurisdiction and the Clerk shall enter judgment for Defendant.

**DONE AND ORDERED** on September 10, 2018.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**